# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| DAVID GARDNER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:17-cv-00747 |
| DENT MORRISS, et al., | ) ) ) | Judge Trauger |
| Defendants. | ) | |

## MEMORANDUM OPINION

The plaintiff, David Gardner, is an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee. He has filed this action *pro se* pursuant to 42 U.S.C. § 1983 against Dent Morriss, a Robertson County prosecutor, and nine other defendants, seeking his immediate release from custody and damages.

According to the complaint (Docket Entry No. 1), the plaintiff pled guilty in 1980 to forgery (2 counts) and receiving stolen property. *Id* at 6. At that time, the plaintiff was represented by the defendant, Dent Morriss. Later, in October, 1995, the plaintiff was found guilty of burglary. *Id.* The 1995 case, though, was prosecuted by Dent Morriss. *Id*. The plaintiff claims that Morriss acted in bad faith when he recommended that he plead guilty in 1980. *Id* at 7. He further alleges that he is a victim of malicious prosecution, *Id* at 8, and that Morriss, with the assistance of the other defendants, "have intentionally and maliciously, wrongfully and illegally had Mr. David Gardner incarserated [sic] out of revenge." *Id* at 5.

In Tennessee, there is a one year limitation period for the filing of civil rights claims brought

1

pursuant to § 1983. Roberson v. Tennessee, 399 F.3d 792, 794 (6th Cir. 2005). Under federal law, the limitation period begins to run when the plaintiff knows or has reason to know of the injury that forms the basis of his action. Sevier v. Turner, 742 F.2d 262, 273 (6th Cir. 1984). In determining when the cause of action accrues in a § 1983 case, we must look to what event should have alerted the typical lay person to protect his or her rights. Dixon v. Anderson, 928 F.2d 212, 215 (6th Cir. 1991).

The complaint was filed on April 24, 2017. Plaintiff's claims arose in 1995 when he realized that his former attorney would be prosecuting him. Thus, it appears that this action is time-barred by the one year statute of limitations imposed upon civil rights claims brought in Tennessee. Merriweather v. City of Memphis, 107 F.3d 396, 398 (6th Cir. 1997).

Of course, the limitation period is subject to equitable tolling. Zipes v. Transwold Airlines, Inc., 455 U.S. 384, 398 (1982). The doctrine of equitable tolling should be applied sparingly. Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir.2001). The plaintiff bears the burden of showing that he is entitled to an equitable tolling of the limitation period. Keenan v. Bagley, 400 F.3d 417, 420 (6th Cir.2005). To satisfy this burden, the plaintiff must establish (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

The events that gave rise to the plaintiff's claims occurred twenty two (22) years ago. There is nothing in the complaint from which the Court could infer that the plaintiff has been diligent in pursuing his rights and that some extraordinary circumstance prevented him from raising his claims in a timely manner. The Court, therefore, concludes that the plaintiff has failed to state a claim upon which relief can be granted because this action is untimely. Dellis v. Corrections Corp. of America,

257 F.3d 508, 511 (6th Cir.2001)(*sua sponte* dismissal of an untimely prisoner complaint is appropriate).

In any event, a challenge to the validity of one's confinement or to the particulars affecting its duration are within the sole province of habeas corpus. Muhammad v. Close, 540 U.S. 749, 750 (2004). When success in a § 1983 prisoner action would implicitly question the validity of conviction or duration of sentence, the prisoner must first successfully pursue his state or federal habeas corpus remedies, i.e., the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). No such allegations appear in the complaint. Under such circumstances, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will enter.

ENTER this 24th day of October 2017.

_____
Aleta A. Trauger
United States District Judge